UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LaRHONDA G. FRANCIS | CIVIL ACTION NO. 05-0274 |
| versus | JUDGE HICKS |
| LSU HEALTH SCIENCE CENTER SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

LaRhonda Francis ("Plaintiff") filed this civil action, without the assistance of an attorney, on a complaint form provided by the Clerk of Court for use in Title VII cases. The only defendant listed in the caption of the complaint is LSUHSC-SHREVEPORT. The first substantive portion of the form asks the Plaintiff to describe the employment practices about which she is complaining and to identify the persons or companies she says engaged in such practices. Plaintiff alleged as follows:

> "LSUHSC-Shreveport, Dwayne Clayton, there action against me was discrimetory their actions caused me my position at the facility. Extreme actions was taken against me not Gail Ebarb."

A notice of right to sue from the EEOC is attached to the complaint. It indicates that the EEOC charge was against LSUHSC.

The clerk of court listed Dwayne Clayton on the docket as a defendant, but a summons was issued only for LSUHSC. The clerk later issued, at the request of the court, a notice of intent to dismiss the claims against Clayton for failure to make timely service. Plaintiff

apparently misunderstood the notice and again served LSUHSC. The court then explained in a Minute Entry that Plaintiff should direct her attention to serving Mr. Clayton, and service was finally effected.

Clayton filed a Motion to Dismiss (Doc. 17) that is now before the court. He argues that the complaint fails to state a claim against him and was not served within the 120 days permitted by F. R. C. P. 4(m). Dismissal for lack of timely service is not warranted. The court has discretion to extend the 120-day period, and the exercise of such discretion would be appropriate in this case where the delay was not substantial, the Plaintiff is proceeding without counsel, and the defendant has not articulated any prejudice stemming from the delay. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) (discussing the extent of the court's discretion to extend the Rule 4(m) period).

On the other hand, dismissal is warranted for failure of the complaint to state a claim against Mr. Clayton upon which relief can be granted. Plaintiff's opposition attempts to flesh out her complaint. She asserts that Clayton is the "reason for the discrimination sue" because he wrongfully recommended Plaintiff's termination based on an allegation of fraud, which Plaintiff denies committing. Plaintiff says she seeks reinstatement to her last civil service position and pay, with accumulated benefits, and removal of the alleged fraud from her civil service record. With respect to Mr. Clayton, she demands a full written apology and a statement of how he covered up for Ms. Ebarb.

Plaintiff has not (and need not) identify the particular legal grounds for her claims, but her complaint is filed on a Title VII form. Louisiana has similar laws against employment discrimination found in its Title 23. Those statutes may apply to LSUHSC, but they do not apply to a supervisor or a coworker such as Mr. Clayton. The Fifth Circuit has held that "there is no individual liability for employees under Title VII." Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002). That is because the statute imposes liability only on an "employer" as defined by 42 U.S.C. § 2000e(b). The Louisiana Employment Discrimination Law also applies only to an "employer" who employs a certain number of employees within the state. La.R.S. 23:302. Courts have recognized that the Louisiana statute, like Title VII, does not impose liability on co-workers or individual supervisors. Smith, 298 F.3d at 448 (interpreting predecessor statute); Hollister v. Gallagher, 2004 WL 224547 (E.D. La. 2004). There is no allegation or reasonable grounds to infer that Mr. Clayton was Plaintiff's employer within the meaning of the applicable laws. Accordingly, Mr. Clayton is not subject to liability under Title VII or Louisiana's Title 23. Plaintiff has not suggested any other legal basis for a claim against Mr. Clayton, and none is readily apparent.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 17) be **GRANTED,** and that all claims against Dwayne Clayton be **DISMISSED WITH PREJUDICE.**

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of November, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE